

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN A. FERRIS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-02-4863 |
| v. | § | |
| | § | B-03-017 |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### NOTICE OF REMOVAL OF ACTION
### UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant State Farm Lloyds hereby petitions this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Southern District of Texas, Brownsville Division, the action styled Cause No. 2002-11-4721-B, *John A. Ferris, Jr. v. State Farm Lloyds*, currently pending in the 138th Judicial District Court, Cameron County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

### I.
### FACTS

1.  Plaintiff's Original Petition in the State Court case was filed on November 25, 2002. Plaintiff John A Ferris, Jr. ("Dr. Ferris) seeks a declaration that State Farm Lloyds has a duty to defend him in Cause No. 2002-03-001003-B, *Aldon Williams, M.D. et al. v. John Ferris, M.D., et al.*, also pending in the 138th Judicial District Court, Cameron County, Texas (the "Underlying DTPA Action"). Defendant State Farm Lloyds was served with Plaintiff's Original Petition and

Citation in the State Court case on December 3, 2002 by service on its registered agent for service of process.

2.      The Underlying DTPA Action arises out of misrepresentations Dr. Ferris allegedly made in the marketing and sale of real estate in the Nueces Park Subdivision. Plaintiffs' Fourth Amended Petition, ¶ IV, at 2-3; Underlying DTPA Action. Twenty plaintiffs in the Underlying DTPA Action allege that they "were induced to purchase lots that were sold by Defendants for between $33,000 and $43,000 each." *Id.*, ¶ IV, at 3. Dr. Ferris allegedly "marketed and made representations to the purchasers of the lots" that a pecan orchard on the subdivision "would never be sold, and that its use would never be changed." *Id.* The Underlying DTPA Plaintiffs complain that "[a]fter selling all of the lots, and garnering massive profits from his sales, Dr. Ferris has now wrongfully begun to sell off portions of the pecan orchard that fronts the subdivision." *Id.*

3.      The twenty underlying DTPA Plaintiffs have sued Dr. Ferris seeking actual damages, additional DTPA damages, treble damages, attorney's fees, court costs, prejudgment interest and postjudgment interest. Plaintiffs' Fourth Amended Petition, ¶ IV, at 5-6; Underlying DTPA Action. Because the duty to defend is broader than the duty to indemnify, State Farm Lloyds will have no liability for any of the foregoing damages if this Court determines that it has no duty to defend Dr. Ferris in the Underlying Action. *See Farmers Texas County Mutual Insurance Company v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (holding that if an insurer has no duty to defend the insured under the "eight corners" or "complaint allegation" rule, it necessarily follows the insurer has no duty to indemnify the insured either); *State Farm Fire and Casualty Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996) (emphasizing that "when issues of coverage and the duty to defend arise, it is not unusual for [an insurer] or [a defendant] or both to attempt to adjudicate them before [plaintiff's]

claim is adjudicated. Disputes between [insurer] and [defendant] can often be expeditiously resolved in an action for declaratory judgment while [plaintiff's] claim is pending").

4. In accordance with standard Texas practice, Plaintiff's Original Petition in the State Court case fails to state the total amount of damages sought. Plaintiff's Original Petition in the State Court case, however, does specifically plead that "[d]iscovery is intended to be conducted under Level 2 Rule 190.1 T.R.C.P." Rules 190.2 and 190.3 of the Texas Rules of Civil Procedure indicate that "Level 2" discovery cases seek monetary relief aggregating more than $50,000.00, excluding costs, pre-judgment interest and attorney's fees. This Court should also note that the limits of Dr. Ferris's Texas Homeowners Policy are $100,000.00 for each "occurrence." In light of the foregoing, it is Defendant's belief that Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs, in this lawsuit.

5. A true and correct copy of all pleadings, process, and orders served in this action is attached hereto as Exhibit "1" and incorporated herein by reference.

6. Complete diversity exists between the Plaintiff and Defendant State Farm Lloyds now and at the time of the filing of Plaintiff's Original Petition in the State Court case.

7. State Farm Lloyds is an unincorporated association of underwriters <u>each</u> of whom is a citizen of the State of Illinois. State Farm Lloyds has its principal place of business in the State of Illinois. State Farm Lloyds was and is duly qualified to do and transact business in the State of Texas and executes and delivers insurance policies in Cameron County, Texas.

8. Plaintiff John A. Ferris, Jr. is a resident of Cameron County, Texas.

9. This action is a civil action that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332(a) in that it is between citizens of different

3

states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Defendant State Farm Lloyds is not a citizen of the State of Texas.

## II.
## PROCEDURAL REQUIREMENTS

10.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

11.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of Court for the 138th Judicial District Court of Cameron County, Texas promptly after the filing of this Notice.

12.   Pursuant to Local Rule 81, attached hereto, and incorporated herein, are the following items:

| | |
|---|---|
| Exhibit 1: | A true and correct copy of all pleadings, process, and orders served in this action. |
| Exhibit 2: | State Court docket sheet. |
| Exhibit 3: and | List of all counsel of record, including addresses, telephone numbers, parties represented. |
| Exhibit 4: | Index of all documents filed with the Court. |

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds requests that this action be removed from the 138th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, and that this Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

        HANNA & PLAUT, L.L.P.
        The Littlefield Building
        106 East Sixth Street, Suite 520
        Austin, Texas 78701
        Telephone:  (512) 472-7700
        Facsimile:  (512) 472-0205

By: _____
        David L. Plaut
        Attorney-in-Charge
        Southern District I.D. No. 13353
        State Bar No. 16066030
        Catherine L. Hanna
        Southern District I.D. No. 13577
        State Bar No. 08918280

        ATTORNEYS FOR DEFENDANT
        STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, on this __18TH__ day of December, 2002 to:

Mr. E.R. Fleuriet
The Fleuriet Schell Law Firm, LLP
621 E. Tyler
Harlingen, TX 78550

_____
David L. Plaut