/4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN A. FERRIS, JR.,<br>*Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO.  B-03-017 |
| STATE FARM LLOYDS,<br>*Defendant* | § § § | |

## PLAINTIFF JOHN A. FERRIS, JR.'S
## RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff John A. Ferris, Jr. files this his Response to Defendant State Farm Lloyds' Motion for Summary Judgment, showing the Court the following:

### I.
### State Farm relies on a policy for a period not
### applicable to the allegations

Put simply, State Farm's Motion for Summary Judgment should be denied for the sole reason that the policy it attaches to its motion is for the period March 12, 2001 through March 12, 2002, a period of time not encompassing the allegations made by Plaintiffs in their Fourth Amended Petition which is the live petition to which this Court looks to determine State Farm's duty to defend.

Indeed, the affidavit of Christine Rodriguez proving up the State Farm policy attached as Exhibit B to the motion states as follows:

"The attached Policy Number 83-p8-1982-6 is a true and correct copy of the policy issued by State Farm Lloyds to

> John A. & Sarah A. Ferris, **for the policy period of March 31, 2001 (*sic.*) to March 12, 2002**" (emphasis supplied)

Plaintiffs' Fourth Amended Petition is accurately reproduced and attached to State Farm's motion as Exhibit A.  The only reference to a date appears in Section IV (**FACTS**) near the beginning where Plaintiffs allege:

> "In 1992, Dr. John Ferris subdivided a large tract of land located west of Stuart Place Road and named the subdivision Nueces Park."  (see Section IV Plaintiffs' Fourth Amended Petition)

The petition then goes on to allege acts by Dr. Ferris supposedly giving rise to liability on his part.  While the petition is vague on years involved and it is apparent from the allegations that more than one year was involved in the conduct alleged against Dr. Ferris, nowhere does Plaintiffs' Petition allege acts by Dr. Ferris occurring in 2001 or 2002.

The policy attached by State Farm as Exhibit B to its motion defines the Policy Period to which policy applies on page 11:

> "1.    **Policy Period.**  This policy applies only to loss in Section I or **bodily injury** or **property damage** in Section II which occurs *during the policy period stated on the declarations page*."  (italicized emphasis supplied; bold emphasis appears in the original)  (see p. 11 of policy attached as Exhibit B)

"The policy period stated on the declarations page" is 03/12/2001 to 03/12/2002.  (see Declarations Page of Exhibit B)

The policy attached as Exhibit B to State Farm's motion is not a "claims made" policy.  It requires the bodily injury or property damage allegedly caused by

the insured to occur "during the policy period stated on the declarations page." Clearly the "Policy Period" of the policy attached by State Farm as Exhibit B is far beyond the conduct and any damages alleged against Dr. Ferris. While the exact dates the damages occurred are not specified by Plaintiffs, damages are presumed to have occurred as a matter of law at the time Plaintiffs purchased their various lots, and that is when the loss is to be measured.

In *Leyendecker & Associates, Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1984) the Texas Supreme Court, in dealing with a sale of land, stated that for a Deceptive Trade Practices – Consumer Protection Act (DTPA) case, Texas common law allows an injured party to recover the actual injury suffered measured by "the difference between the value of that which he has parted with, and the value of that which he has received." *Id.* at 373. The Court noted that "This measure of damages is known as the 'out-of-pocket' measure and is calculated at the time of sale." *Id.* (emphasis supplied) The *Leyendecker* Court acknowledged a second remedy available in Texas in DTPA cases for the sale of land known as the "benefit of the bargain" measure which allows the Plaintiff to recover the difference between the value as represented and the actual value received. *Id.*

Similarly, for negligent misrepresentation cases, the Texas Supreme Court has adopted Restatement (Second of Torts § 552 (1997)) which allows as damages the pecuniary loss to the Plaintiff measured as "the difference between the value of what he has received in the transaction and its purchase price or other value given for it." *Federal Land Bank v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) The *Sloane*

Court observed that under a negligent misrepresentation cause of action that a Plaintiff is not entitled to the benefit of the Plaintiff's contract with the Defendant.

In *Arthur Andersen & Co. v. Perry Equipment Corporation*, 945 S.W.2d 8112 (Tex. 1997) the Texas Supreme Court reaffirmed these measures of damages in "misrepresentation" cases stating that "Out-of-pocket damages measure the difference between the value the buyer has paid and the value of what he has received" and that "benefit-of-the-bargain damages measure the difference between the value as represented and the value received." *Id.* at 817. The Court stated unequivocally that "both measures of damages are determined at the time of sale." *Id.*

The State Farm policy attached as Exhibit B to State Farm's Motion for Summary Judgment applies only to loss which occurs during the policy period stated on the declarations page. As a matter of law, the losses alleged by Plaintiffs occurred (if at all) in the years in which their various contracts for sale closed based upon the Texas Supreme Court authorities cited above. State Farm has not shown that any of the losses alleged by Plaintiffs occurred during the policy period of the policy attached as Exhibit B, i.e., March 12, 2001 through March 12, 2002.

Thus, because State Farm has appended as summary judgment proof a policy for a period far removed from the conduct alleged by Dr. Ferris and the time when any losses were suffered by Plaintiffs, State Farm's summary judgment proof fails, and State Farm is not entitled to summary judgment.

## II.
## State Farm misstates Dr. Ferris'
## declaratory judgment action

In its Motion for Summary Judgment, State Farm misstates that "Plaintiff John A. Ferris, Jr. ... has sued for a declaration of liability coverage ... and for a defense and indemnity in [the underlying state court case]." Dr. Ferris was quite clear in paragraph 4.06 of his Original Petition filed against State Farm for Declaratory Judgment that he was seeking a declaration only of State Farm's *duty to defend.*

Accordingly, State Farm is no more entitled to a declaration of "no coverage" than it is to a declaration of no duty to defend since the policy it uses as its summary judgment proof establishes no right to either declaration.

## III.
## State Farm's duty to defend

The purpose of this Response is to defeat State Farm's Motion for Summary Judgment that it is entitled to a declaration from this Court that it has no duty to defend and no duty to cover any liability of Dr. Ferris in the underlying state court action. Plaintiff John A. Ferris, Jr. will make a showing of State Farm's affirmative duty to defend in other pleadings to be filed with this Court at the appropriate time.

## IV.
## Conclusion and Prayer

Having attached the wrong policy to its Motion for Summary Judgment, State Farm is not entitled to summary judgment on its obligation to defend or

indemnify Dr. Ferris in the underlying state court action.  Therefore, Plaintiff John

A. Ferris, Jr. prays that State Farm's Motion for Summary Judgment be denied in

its entirety.

<div style="margin-left:40%">

Respectfully submitted,

E. R. Fleuriet
Attorney-in-Charge
State Bar No. 17145500
Federal I. D. No. 1327
621 E. Tyler
Harlingen, Texas  78550
(956) 428-3030
(956) 421-4339 (fax)
*erf@fleurietschell.com*

</div>

Of Counsel:

**THE FLEURIET SCHELL LAW FIRM LLP**
621 E. Tyler
Harlingen, Texas  78550
(956) 428-3030
(956) 421-4339 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following in the manner indicated below:

David L. Plaut
**HANNA & PLAUT, L.L.P.**
The Littlefield Building
106 E. 6th Street, Suite 520
Austin, Texas 78701
*VIA FAX*

on this ___7___ day of March, 2003.

E. R. Fleuriet